UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| CHARLES BOBO, | ) | CASE NO. C07-1102-RSL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | RE: SOCIAL SECURITY |
| MICHAEL J. ASTRUE, | ) | DISABILITY APPEAL |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff Charles L. Bobo proceeds *pro se* in his appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied plaintiff's application for Supplemental Security Income (SSI) benefits after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, it is recommended that the Commissioner's decision be AFFIRMED.

/ / /

/ / /

/ / /

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE -1

## FACTS AND PROCEDURAL HISTORY

Plaintiff was born on XXXX, 1964.[1] He completed high school and two years of college. Plaintiff previously worked as a maintenance worker in a cannery, forklift driver, and rug cleaner, and performed odd jobs with temporary agencies.

Plaintiff filed his application for SSI benefits on June 17, 2004. (AR 169-71.) He alleged disability since June 6, 1999 due to damaged stomach and severe headaches. (AR 169, 203.) His application was denied at the initial level and on reconsideration, and he timely requested a hearing.

On September 6, 2006, ALJ Marguerite Schellentrager held a hearing, taking testimony from plaintiff, who was unrepresented, and vocational expert Michael Swanson. (AR 284-317.) ALJ Schellentrager offered plaintiff the opportunity to get an attorney and gave him a list of attorneys. (AR 288-89.) Plaintiff expressed his certainty that he was not interested in the assistance of an attorney. (AR 288-90.) The ALJ obtained additional medical records and held a second hearing on January 17, 2007. (AR 318-64.) Plaintiff, again unrepresented, and medical expert Dr. Charles Slater testified at the second hearing. On March 15, 2007, the ALJ issued a decision finding plaintiff not disabled since June 17, 2004, the date of his application.[2] (AR 22-

---

[1] Plaintiff's date of birth is redacted back to the year of birth in accordance with the General Order of the Court regarding Public Access to Electronic Case Files, pursuant to the official policy on privacy adopted by the Judicial Conference of the United States.

[2] Plaintiff previously filed applications for SSI and disability insurance (DI) benefits in August 2000, which were denied initially and not further appealed. (*See* AR 24.) Plaintiff again filed SSI and DI applications in March 2002, which were denied initially, on reconsideration, and in an August 20, 2003 ALJ decision (AR 106-09), which was affirmed by the Appeals Council on May 11, 2004 (*see* AR 114). Plaintiff did not further appeal his second set of applications. ALJ Schellentrager noted in her March 2007 decision that the prior decision was res judicata, final, and

32.)

Plaintiff timely appealed. The Appeals Council denied plaintiff's request for review on July 10, 2007 (AR 6-8), making the ALJ's decision the final decision of the Commissioner. Plaintiff appealed this final decision of the Commissioner to this Court.

## JURISDICTION

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## DISCUSSION

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it must be determined whether the claimant is gainfully employed. The ALJ found plaintiff had not engaged in substantial gainful activity since his alleged onset date. At step two, it must be determined whether a claimant suffers from a severe impairment. The ALJ found that plaintiff had no medically determinable impairment or combination of impairments that significantly limited his ability to perform basic work activities and, therefore, had no severe impairment or combination of impairments. Finding no severe impairments, the ALJ concluded that plaintiff had not been under a disability since the date of his application. The ALJ, therefore, did not proceed to the remaining steps of the sequential evaluation.[3]

---

not at issue in the current claim. (AR 24.) *See also* 20 C.F.R. §§ 404.981, 416.1481 (Appeals Council denial of request for review binding unless revised or federal court action filed).

[3] Step three asks whether a claimant's impairments meet or equal a listed impairment. If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant has demonstrated an inability to perform past relevant work. If a claimant demonstrates an inability to perform past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant

01    This Court's review of the ALJ's decision is limited to whether the decision is in
02 accordance with the law and the findings supported by substantial evidence in the record as a
03 whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993).  Substantial evidence means more
04 than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable
05 mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750
06 (9th Cir. 1989).  If there is more than one rational interpretation, one of which supports the ALJ's
07 decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir.
08 2002).

09    Plaintiff did not submit an opening brief.  The Court ordered plaintiff to show cause why
10 this case should not be dismissed for failure to prosecute.  (Dkt. 17.)  In response, plaintiff
11 submitted a letter in which he stated he did not have an opening brief and alluded to a medical
12 report in the record indicating that he cannot work. (Dkt. 18.) The Court thereafter indicated that
13 it would construe plaintiff's Complaint as his opening brief.  (Dkt. 19.)

14    Plaintiff raises no particular assignments of error in his Complaint.  Instead, he asserts that
15 he was given "poison medicine" in the hospital, that he has a damaged stomach and severe
16 headaches, and that he cannot work.  (Dkt. 12.)  In an attached letter, he reiterates that he cannot
17 work and states that he put in an application, but was told he could not work a job under the table
18 and could not be on the payroll.  (*Id*. at 5.)   He also attaches two medical reports (*Id*. at 6-8), both
19 of which are contained in the record (AR 264 and 266-67) and dated in 2002, prior to the time
20 period relevant to his current application. The Commissioner argues that the ALJ's decision is

21 _____

22 retains the capacity to make an adjustment to work that exists in significant levels in the national economy.

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE -4

supported by substantial evidence and should be affirmed. He maintains that the ALJ properly found plaintiff had no severe physical or mental impairments, and asserts that the ALJ had no duty to further develop the record. Plaintiff did not submit a reply.

At step two, a claimant must make a threshold showing that his medically determinable impairments significantly limit his ability to perform basic work activities. *See Bowen v. Yuckert*, 482 U.S. 137, 145 (1987) and 20 C.F.R. §§ 404.1520(c), 416.920(c). "Basic work activities" refers to "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1521(b), 416.921(b). "An impairment or combination of impairments can be found 'not severe' only if the evidence establishes a slight abnormality that has 'no more than a minimal effect on an individual's ability to work.'" *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) (quoting SSR 85-28). "[T]he step two inquiry is a de minimis screening device to dispose of groundless claims." *Id*. (citing *Bowen*, 482 U.S. at 153-54). An ALJ is also required to consider the "combined effect" of an individual's impairments in considering severity. *Id*.

In this case, the ALJ identified plaintiff's gastrointestinal problems, delusional disorder, and somatoform disorder as medically determinable impairments (AR 24), but did not find any of these impairments alone or in combination to be severe. The ALJ discussed the medical evidence from the relevant time period in detail. (AR 25-29.) She provided a detailed description of the testimony of the medical expert, Dr. Slater, including his testimony that several mental health diagnoses in the record were only "rule out" diagnoses, "meaning that they were provisional and did not establish the existence of the impairment itself." (AR 28; referring to AR 355, 360.) The ALJ also took note that, upon questioning by Dr. Slater, plaintiff denied he had any problems with his stomach or headaches, or any physical problems, during a three week period of employment

01 handing out flyers after his alleged onset date. (AR 29; referring to AR 352-53.) At the same

02 time, plaintiff maintained at the hearing that his physical problems, rather than any mental

03 problems, prevented him from working. (AR 321, 328, 333.)

04    The ALJ concluded:

> The preponderance of the medical evidence, especially including the testimony of Dr. Slater based on his review of the entire record and his questioning of the claimant, shows that the claimant did not have and does not have now any impairment that significantly interferes with his ability to perform work or work like activities. To the extent that the above listed impairments are medically determinable, they are marginally so, and have been used for this analysis giving the claimant the benefit of the doubt that he has had some degree of medically determinable impairments. He does not have a severe impairment.

10 (AR 29.) She then went on to state:

> I have . . . noted that the claimant does not claim any significant symptoms that he actually experiences on a regular and continuing basis, but relies for his claim on complaints going back earlier than his application for Supplemental Security Income payments. The examining and treating physicians have not found any current symptoms for his physical complaints, and he testified that he did not have any problems with his stomach or headaches. He now relies solely on a theory that he cannot work because he [has] been told that he cannot because of his stomach. It [has] been suggested that he uses that as an excuse to compensate for his not being able to find a job, but then he testified that he [has] not [done] much in the way of trying to find a job, and that if he were asked again to distribute flyers for pay he could do that job. He has no symptoms or aggravating factors, does not take any medications, and does not see a doctor. His medical visits have primarily been for the purpose of seeking financial assistance through state and federal assistance programs.

> The only limiting effects of his mental symptoms that he has is a belief that he cannot work because of past stomach problems, but there are not indications that this is anything more than an excuse to not work and instead seek benefits. I concur with Dr. Slater's analysis of the "B" criteria and the findings of the State agency reviewing physician that the claimant has only mild restrictions, if any, to his activities of daily living, his maintaining social functioning and his concentration, persistence or pace, and he has no episodes of decompensation.

22    After considering the evidence of record, I find that the claimant's medically

determinable impairments could reasonably be expected to produce the alleged symptoms to some slight degree, but that the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible.

The lack of objective findings that would support his complaints has been discussed above. The claimant reacted with an angry outburst at his treating physician, Dr. Le, when he refused to fill out disability papers as noted previously. He testified at the hearing that he moved to Washington from California because the welfare payments were higher, and there is a question as to whether he was terminated from general assistance in California when Dr. Le would not certify him as being disabled. He testified as to generally regular daily activities, and he said he traveled to California in 2005 for several months. He went with his friends to clubs and visited with each [other], and did not appear to be bothered by any limitations or medical concerns. He did not indicate that he had any difficulty getting around or socializing. He claimed that he was disabled because the state welfare people told him he was disabled because of his stomach. As noted previously, he testified that he went door to door delivering flyers for three weeks in January 2007, and that he could do that job again if it became available, and he was going to check on it. He says that he was paid $8.00 an hour and earned $200.00 when the work stopped because of things that had nothing to do with him, but because, he thought, the business owner could not pay out any more under the table.

The claimant is simply not credible. He is focused on maintaining his general assistance payments and seeking federal disability benefits. He functions well in his activities of daily living, despite any possible mental disturbance or somatization of his reasons for not being able to work, although he [has] worked and would do the job again. It is difficult to understand his motive for pursuing this claim, except for this reason, to maintain and get benefits without having to work or motivation by secondary gain.

(AR 30-31; internal citations to record omitted.)

As asserted by the Commissioner, the undersigned concludes that the ALJ applied the correct legal standards and cited substantial evidence in support of her decision that plaintiff had no impairment or combination of impairments that significantly limited his ability to perform basic work activities. Plaintiff fails to support a contention to the contrary.

The undersigned further agrees with the Commissioner that the ALJ had no duty to further develop the record. The "ALJ's duty to develop the record further is triggered only when there

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE -7

01 is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the
02 evidence." *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001). *See also Tonapetyan v.*
03 *Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) ("Ambiguous evidence, or the ALJ's own finding that
04 the record is inadequate to allow for proper evaluation of the evidence, triggers the ALJ's duty
05 to 'conduct an appropriate inquiry.'") Plaintiff fails to identify any ambiguity or inadequacy in the
06 record. Moreover, the Court notes that the ALJ in this case did further develop the record
07 following an initial hearing by obtaining additional medical records and the assistance of a medical
08 expert. (*See* AR 282, 283, 320.)

In sum, the Court finds no basis for remanding this matter. The ALJ's decision is in accordance with the law and supported by substantial evidence in the record as a whole.

## **CONCLUSION**

For the reasons set forth above, the Commissioner's decision should be AFFIRMED.

DATED this 22nd day of February, 2008.

_____
Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE -8